## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

Mitchell Sproessig, #299543

  Plaintiff,

v.

Blessman, et al.

  Defendants.

Case No: 1:19-cv-00693
District Judge: Jane M. Beckering
Magistrate Judge: Ray Kent

| | |
|---|---|
| MITCHELL SPROESSIG, #299543<br>Lakeland Correctional Facility<br>141 First St.<br>Coldwater, MI 49036<br>*Pro Se Plaintiff* | CHAPMAN LAW GROUP<br>Jeffrey L. Bomber (P85407)<br>Attorney for Keith Papendick, M.D.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>jbomber@chapmanlawgroup.com |

### DEFENDANT KEITH PAPENDICK, M.D.'S REPLY TO PLAINTIFF'S RESPONSE TO HIS MOTION FOR SUMMARY JUDGMENT

**a. Eighth Amendment Claim**

A party responding to a summary judgment motion must "put up" supporting evidence or "shut up" regarding his claim. *Street v. JC Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989); *Cox v. Kentucky Dept. of Transportation*, 53 F.3d 146, 149 (6th Cir. 1995). Mr. Sproessig's Response to Defendant's Motion for Summary Judgment fails to provide any evidence in support of his position that Defendant was deliberately indifferent to his serious medical needs and instead his Response merely reflects a mere disagreement between his desire to have hernia surgery and Defendant's medical judgment, based on objective medical evidence, to provide a conservative alternative treatment program.

In his Response, Mr. Sproessig argues that Dr. Papendick denied his hernia surgery. (**PageID.337**). Dr. Papendick did not deny Mr. Sproessig medical treatment, he provided an

alternative treatment plan to Dr. Sudhir's request for a *surgical consultation.* Mr. Sproessig's Response failed to raise a single genuine dispute of material fact. Instead, Mr. Sproessig's Response merely reasserts that he disagreed with Dr. Papendick's decision to provide an alternative treatment plan to Dr. Sudhir's request for a surgical consultation. Mr. Sproessig argues that the medical dispute is not between him and Dr. Papendick, but between Dr. Sudhir and Dr. Papendick. (**PageID.340**). However, as stated in Dr. Papendick's affidavit:

> If a provider disagrees with my recommendation, **there is an appeal process which involves further discussion with me, the Regional Medical Director, and the State Medical Director**. If the provider is still dissatisfied, he or she can discuss further treatment options with the MDOC. (**Emphasis Added, PageID.229**).

Deliberate indifference entails more than mere negligence. *Estelle*, 429 U.S. 97 at 104; *Hicks*, 999 F.2d 1455. Courts typically do not intervene in questions of medical judgment. *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake*, 537 F.2d 857 at n.5. As the Seventh Circuit Court of Appeals notes in *Petties v. Carter*, a case which deals with a claim of deliberate indifference;

> "Even among the medical community, the permissible bounds of competent medical judgment are not always clear, particularly because 'it is implicit in the professional judgment standard itself...that inmate medical care decisions must be fact-based with respect to the particular inmate, the severity and stage of his condition, the likelihood and imminence of further harm and the efficacy of available treatments.'"

2

*Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016); *citing Roe v. Elyea*, 631 F.3d 843, 859 (7th Cir. 2011). There is a distinction to be drawn between a difference of opinion between healthcare providers and actions that reflect "sub-minimal competence and crosses the threshold into deliberate indifference." *Petties*, 836 F.3d 722, 729 (7th Cir. 2016).

Mr. Sproessig's medical records indicate that his medical provider did not appeal the 407 nor did he kite with complaints of pain. While Mr. Sproessig claims that he suffered additional harm in the form of constipation, the medical records prove otherwise. During the timeframe relevant to Mr. Sproessig's Complaint, he did not complain of constipation. (**Exhibit A to Defendant's MSJ**).

Mr. Sproessig's Response failed to raise any facts that could possibly be interpreted to be in a genuine dispute. Further, contrary to Mr. Sproessig's assertion, there is no evidence to suggest Dr. Papendick denied his surgery. Dr. Papendick relied on InterQual and determined that Mr. Sproessig did not qualify for a surgical consultation at the time he reviewed Dr. Sudhir's 407. It is clear based on the medical records that Dr. Papendick was not deliberately indifferent to Mr. Sproessig's medical needs, and as such he is entitled to summary judgment as a matter of law.

    b. **Equal Protection Claim**

Mr. Sproessig fails to provide anything other than conclusory statements that he is entitled equal protection of the law. Mr. Sproessig claims that because he knows of several prisoners who had other types of surgery, he is entitled to equal protection of the law. At the summary judgment stage, conclusory allegations cannot suffice. Mr. Sproessig must have provided verifying evidence to the claims in his Complaint –which he has failed to do so.

"Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make [his] case with a showing of facts that can be established by evidence that will be admissible

at trial… ..." *Everson v. Leis,* F.3d 484, 496 (6th Cir. 2009). Conclusionary statements without demonstrated evidentiary support will not defeat a motion for summary judgment. *Ferrari v. Ford Motor Co.,* 826 F. 3d 885, 897-898 (6th Cir. 2016) (quoting *Pearce v. Faurecia Exhaust Systems, Inc.,* 529 Fed Appx. 454, 458 (6th Cir. 2013).

Mr. Sproessig provides no factual basis or evidence for such claims. A complaint must allege more than the conceivable; it must allege enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, it is well-established that conclusory, unsupported allegations of constitutional deprivation do not state a claim upon which relief can be granted. *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir.1987).

Mr. Sproessig cites to two cases in support of his argument. First, Mr. Sproessig cites to *Tietz v. Corizon Health, Inc.*, No. 20-10814, 2021 U.S. Dist. LEXIS 120560 (E.D. Mich. June 29, 2021) claiming that the hernia claim against Dr. Papendick was allowed to move forward. Mr. Sproessig's argument fails for two reasons: (1) the plaintiff did not allege a Fourteenth Amendment Equal Protection Claim and (2) *Tietz* was decided on a Motion to Dismiss, and Dr. Papendick was subsequently dismissed with prejudice. Next, Mr. Sproessig cites to *Dunbar v. Huyge*, No. 1:18-cv-1355, 2021 U.S. Dist. LEXIS 100612 (W.D. Mich. May 4, 2021) alleging that this case formed the basis for his equal protection claim. The facts and circumstances in *Dunbar* are vastly different from what Mr. Sproessig alleges. In *Dunbar*, plaintiff had colon cancer and was approved for a PET scan based on his diagnosis and medical necessity.

Mr. Sproessig has failed to demonstrate that his claims against Dr. Papendick amount to a violation of his Fourteenth Amendment right to equal protection. Mr. Sproessig has failed to provide any further insight as to the circumstances around the alleged prisoners who have received

4

hernia surgery or how he is part of a class that requires equal protection. Dr. Papendick concluded Mr. Sproessig did not qualify for a surgical consultation at the time he reviewed Dr. Sudhir's 407. Courts typically do not intervene in questions of medical judgment. *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982). Mr. Sproessig's claims against Dr. Papendick fail as a matter of law and should be dismissed with prejudice.

Dr. Papendick is entitled to summary judgment as Mr. Sproessig has failed to meet his evidentiary burden.

WHEREFORE, Defendant KEITH PAPENDICK, M.D. respectfully requests that this Honorable Court grant his Motion for Summary Judgment and grant any and all relief as the Court deems just and equitable.

                                                  Respectfully submitted,
                                                  CHAPMAN LAW GROUP

Dated: February 4, 2022                      /s/Jeffrey Bomber
                                                  Jeffrey L. Bomber (P85407)
                                                  Attorney for Keith Papendick, M.D.
                                                  1441 W. Long Lake Rd., Suite 310
                                                  Troy, MI 48098
                                                  (248) 644-6326
                                                  jbomber@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on February 4, 2022, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

                                                  /s/Jeffrey Bomber
                                                  Jeffrey L. Bomber (P85407)
                                                  1441 W. Long Lake Rd., Suite 310
                                                  Troy, MI 48098
                                                  (248) 644-6326
                                                  jbomber@chapmanlawgroup.com