UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MITCHELL SPROESSIG,

        Plaintiff,

v.

                                          Case No. 1:19-cv-00693
                                          HON. JANE M. BECKERING
                                          MAGISTRATE RAY KENT

JAMES BLESSMAN, et. al.,

        Defendants.
_____/

ATTACHMENT

Exhibit-A ............................................................ Papendick's Answers to Interrogatories
                                       Significant pages 2, # 6, Response;  page 3, #10 Response

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Mitchell Sproessig, #299543

    Plaintiff,

v.

Blessman, et al.

    Defendants.

Case No: 1:19-cv-00693
District Judge: Hala Y. Jarbou
Magistrate Judge: Ray Kent

| | |
|---|---|
| MITCHELL SPROESSIG, #299543<br>Lakeland Correctional Facility<br>141 First St.<br>Coldwater, MI 49036<br>*Pro Se Plaintiff* | CHAPMAN LAW GROUP<br>Wedad Suleiman, LL.M. (P81970)<br>Attorney for Defendant Keith Papendick, M.D.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>wsuleiman@chapmanlawgroup.com |

## DEFENDANT KEITH PAPENDICK, M.D.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

NOW COMES Defendant, KEITH PAPENDICK, M.D., by and through his attorneys, CHAPMAN LAW GROUP, for his Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories and Request for Admissions directed to him, states as follows:

### RESPONSE TO INTERROGATORIES

3.     Doctor Papendick, after Doctor Bahame Sudihir, diagnosed Plaintiff Sproessig's hernia as being enlarged requiring surgery, what procedure or method did you use to over rule her diagnoses as requiring surgery?

**RESPONSE: Defendant objects that this interrogatory is vague and ambiguous, as it does not identify the date of the examination. Subject to and without waiving said objections, Dr. Sudhir did not state Plaintiff required surgery but submitted a 407 for a surgical consultation documenting Plaintiff had a "significantly enlarged" ventral hernia which did not**

spontaneously reduce. I reviewed the 407 request and relevant medical records and determined that spontaneous reduction was not a criterion for hernia consult or repair. Defendant relied on InterQual data to determine Plaintiff did not qualify for a surgical consultation at the time of the request.

    4.    Doctor Papendick, would an enlarged hernia such as Plaintiff's, if left untreated, cause or prohibit normal bodily functions such as procreation, or consummation in the average male?

**RESPONSE:** No.

    5.    Doctor Papendick, following your denial of the hernia surgery, did you at any time review Plaintiff's medical files, or consult with Doctor Sudhir regarding her surgery diagnosis?

**RESPONSE:** I reviewed the relevant medical records. Dr. Sudhir did not have a "surgery diagnosis." Dr. Sudhir submitted a 407 for a surgical consultation, which I provided an alternative treatment plan to explaining that medical necessity was not demonstrated at the time.

    6.    Doctor Papendick, when an enlarged hernia pop out when trying to defecate, and cannot be pushed back in, does this create a reasonable possibility for heart failure, if not please explain in your expert opinion?

**RESPONSE:** Defendants object to this interrogatory on the basis that it is vague and ambiguous as to what Plaintiff means by "enlarged." Defendant cannot respond to this interrogatory as written.

    7.    Doctor Papendick, is an Abdominal Wall Hernia the same as an "Inguinal Hernia", and how are they different in severity, or do they both require surgery to repair?

2

**RESPONSE:** **Defendant objects on the basis that this question is actually several interrogatories presented as one interrogatory.**

8.  Doctor Papendick, since your denial of surgery to Plaintiff Sproessig's hernia, numerous other prisoners have had the surgery to repair, treat, and stop the severe pain and suffering from the hernia, can you provide a total number of prisoners who have underwent surgery since 2018 to date?

**RESPONSE: Defendant has no personal knowledge as he is not the custodian of such records tracking hernia repairs.**

9.  Doctor Papendick, according to the Merck Manual (20th Edition), at least 700,000 hernia operations have been performed each year, knowing the severity of the hernia problem, why did you overrule Doctor Sudhir diagnosis of requiring surgery, and on what medical diagnosis did you rely to overrule her?

**RESPONSE: Dr. Sudhir did not have a diagnosis of "requiring surgery." Dr. Sudhir submitted a 407 for a surgical consultation, which Defendant determined Plaintiff did not qualify based on the information provided by Dr. Sudhir, the lack of a physical examination by the doctor, and the information on InterQual at the time Defendant reviewed the 407.**

10. Doctor Papendick, will an enlarged hernia, if left untreated, cause any damage to other bodily innards such as intestines, or the digestive tract causing constipation or bleeding in the lower bowel area, if no, please explain, if yes, why wasn't Plaintiff's surgery approved?

**RESPONSE: Defendants object to this interrogatory on the basis that it is vague and ambiguous as to what Plaintiff means by "enlarged." Defendant cannot respond to this interrogatory as written.**